UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MASHAMA HILL,

                      Plaintiff,

v.                                                          9:11-CV-0392
                                                                 (GTS/ATB)

JOSEPH BELLNIER, Superintendent, Upstate
Correctional Facility; MICHELLE McDONALD,
Corrections Officer, Upstate Correctional Facility;
and SEAN PATTERSON, Corrections Officer,
Upstate Correctional Facility,

                    Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

MASHAMA HILL
  Plaintiff, *Pro Se*
N.C.O.C.C.
2240 Hubbard Road
Youngstown, Ohio 44505

HON. ERIC T. SCHNEIDERMAN                      ROGER W. KINSEY, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Mashama Hill ("Plaintiff") against the three above-named employees of the New York State Department of Corrections and Community Supervision ("Defendants"), are (1) Defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and/or failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and (2) United

States Magistrate Judge Baxter's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. Nos. 10, 21.) No objections have been filed and the deadline in which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; and Defendants' motion is granted in part and denied in part.

I.     RELEVANT BACKGROUND

    A.     **Plaintiff's Complaint**

Plaintiff filed his Complaint in this action on April 11, 2011. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint essentially claims that, between approximately November 2007 and May 2008, at Upstate Correctional Facility in Dannemora, New York, Defendants committed the following constitutional violations against him: (1) Defendants Bellnier, McDonald and Patterson failed to protect him from another inmate and/or from corrections officers; and (2) Defendant Patterson used excessive force against him. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Plaintiff further claims that all Defendants are being sued in their "official" and "individual" capacities for Eighth and Fourteenth Amendment violations. (*Id*.) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

    B.     **Defendants' Motion to Dismiss**

On September 21, 2011, Defendants filed a motion to dismiss all of Plaintiff's claims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and/or failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) Generally, in support of their motion, Defendants argue as follows: (1) based on the factual


allegations of Plaintiff's Complaint, his claims are time-barred; (2) Plaintiff's claims against the State of New York are barred by the Eleventh Amendment, depriving the Court of subject-matter jurisdiction over those claims; (3) based on the factual allegations of Plaintiff's Complaint, Plaintiff is barred from recovering monetary damages from Defendant Bellnier by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); (4) Plaintiff has failed to state an actionable claim against Defendant Bellnier, a supervisor, due to his failure to allege facts plausibly suggesting that Bellnier was personally involved in the constitutional violation alleged; (5) Plaintiff fails to state an actionable excessive-force claim under the Eighth Amendment; and (6) based on the factual allegations of Plaintiff's Complaint, Defendants are protected from liability as a matter of law by the doctrine of entitled to qualified immunity.  (Dkt. No. 10, Attach. 1.)

On October 31, 2011, Plaintiff filed a response to Defendants' motion.  (Dkt. No. 18.) Generally, in his response, Plaintiff argues as follows: (1) Plaintiff timely filed this action; (2) monetary relief is recoverable against supervisory official such as Defendant Bellnier where, as here, they fail to protect an inmate or act upon receiving a grievance or complaint from that inmate; (3) Defendants McDonald and Patterson failed to address Plaintiff's claims of cell-mate threats; and (4) Plaintiff's Eighth Amendment excessive-force claim against Defendant Patterson should not be dismissed because Plaintiff's injuries were severe.  (*Id.*)

      **C.**    **Magistrate Judge Baxter's Report-Recommendation**

On April 6, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No.21.) Familiarity with the grounds of Magistrate Judge Baxter's Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for review by the parties.

Plaintiff did not submit an objection to the Report-Recommendation, and the deadline by which to do so has expired.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.*

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

*Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Legal Standard Governing a Motion to Dismiss for Failure to State a Claim**

Magistrate Judge Baxter has recited the legal standard governing motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 21, at 5-6.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

      **C.**      **Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must

---

      [5]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III.    ANALYSIS

Because Plaintiff did not submit an objection to the Report-Recommendation, the Court need review the Report-Recommendation only for clear error.  *See, supra*, Part II.A. of this Decision and Order.  After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects.  (*See generally* Dkt. No. 21.)  Magistrate Judge Baxter employed the proper standards, accurately construed Plaintiff's claims, and reasonably applied the law to those claims.  (*Id.*)  As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only four brief points.  First, Magistrate Judge Baxter's Report-Recommendation survive even a *de novo* review.

Second, the Court's conclusion that Plaintiff's official-capacity claims should be dismissed *with prejudice* is further supported by the fact that the defect in those claims (i.e., the allegation of facts plausibly suggesting the entitlement to sovereign immunity under the Eleventh Amendment) deprives the Court of subject-matter jurisdiction over those claims.  *Pacheco v. Drown*, 06-CV-0020, 2010 WL 144400, at *11 (N.D.N.Y. Jan. 11, 2010) (Suddaby, J.).

Third, the Court's conclusion that Plaintiff's claim against Defendant Bellinier should be dismissed is further supported by the Court's agreement with Defendants' argument that Plaintiff is barred from recovering monetary damages from Defendant Bellnier by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

Fourth and finally, because the Report-Recommendation does not expressly characterize the Complaint as also asserting a failure-to-protect claim against Defendant Patterson (*see* Dkt. No. 21, at 4-5), it does not expressly recommend the dismissal of that claim (*see* Dkt. No. 21, at 16). However, the Report-Recommendation does address the pleading deficiencies of that claim (*see* Dkt. No. 21, at 13). As a result, under the circumstances, the Report-Recommendation persuades the Court that this claim should also be dismissed without prejudice.

When a district court is determining what legal claims a *pro se* civil rights litigant has raised, "the court's imagination should be limited only by [the plaintiff's] factual allegations, not by the legal claims set out in his pleadings." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.2005). Here, the Court finds that, when construed with the utmost of special liberality, Plaintiff's Complaint attempts to also assert a failure-to-protect claim against Defendant Patterson. (Dkt. No. 1, "Statement of Facts" at ¶¶ 5-6.) Of course, the Court has the authority, and indeed the duty, to *sua sponte* dismiss the claim of a *pro se* plaintiff proceeding *in forma pauperis* that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Here, the Court finds that the pleading deficiencies identified with regard to Plaintiff's failure-to-protect claim against Defendant McDonald applies also to Plaintiff's failure-to-protect claim against Defendant Patterson.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 10) is **DENIED in part**, specifically with respect to Plaintiff's Eighth Amendment excessive-force claim against Defendant Patterson *in his individual capacity only*; and it is further

8

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 10) is **otherwise <u>GRANTED</u>**;

and it is further

**ORDERED** that Plaintiff's failure-to-protect claims against Defendants Bellnier, McDonald and Patterson are **<u>DISMISSED</u> without prejudice**; and it is further

**ORDERED** that all of Plaintiff's claims against Defendants in their official capacities are **<u>DISMISSED</u> with prejudice**.

Dated: July 12, 2012
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge